**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ALEXANDER PHILLIPS**                                                                              **PLAINTIFF**

**v.**                            **CASE NO. 4:10--CV–01092 GTE**

**PRINCIPAL LIFE INSURANCE CO., d/b/a
PRINCIPAL FINANCIAL GROUP, and
TARGET CORPORATION**                                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Alexander Phillips filed this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq., contending that he was wrongfully denied long-term disability (LTD) benefits by Defendants Principal Life Insurance Company of America and Target Corporation. The parties have filed cross-motions for summary judgment.

For the reasons stated below, the Court denies Plaintiff's motion and grants summary judgment to Defendants.

**I.**

Plaintiff Alexander Phillips started working for Target in 1992. He initially worked in the warehouse and his duties included driving forklifts, unloading and loading trucks and pallets, and spending time on a catwalk (a raised walkway). On July 2, 1995, Phillips elected LTD coverage under a plan provided by Target.

Plaintiff stopped working at Target after he suffered a seizure on October 28, 2005. Shortly thereafter, on January 13, 2006, he applied for LTD benefits under the Target provided plan. He initially claimed disability based on "seizures." (AR 0055-56).

By letter dated March 16, 2006, Defendant Principal advised Phillips that his claim was being denied. (AR 0070-72). The denial was based on Principal's finding that Phillips was

capable of performing work in some capacity considering his education, training, and experience. Accordingly, Principal found that Phillips failed to meet the Plan's definition of "Total Disability."[1] The letter specifically advised Phillips of his right to request an appeal and how to seek one.

On April 6, 2006, Philips appealed the denial of his LTD claim. (AR 0035). In his appeal, he wrote that he was unable to work because of seizures, hypertension, posttraumatic stress and back trouble. He further noted that his doctor had restricted him from driving for a year. He also summarized his job history, stating:

> I started work at Jacuzzi in 1969 as a assembly line worker. After I finish four years of college in Social Science, the company gave me a job in administration. When Jacuzzi sold the company, my education did not fit the job. I was terminated. I was not able to find a job in my field. After 4 years I was employed by Target in 1992 as a warehouse worker. I have been working for Target for 13 years.

By letter dated August 4, 2006, Principal advised Phillips of the denial of his first level appeal. (AR. 0062-68). The denial letter reaffirmed Principal's earlier finding that Phillips was not disabled from performing any occupation. It listed all the information it considered, which included additional information not presented during the initial review. The additional information included medical records and a note from Dr. Elaine Wilson, medical records and a letter from Dr. Joseph Farmer, 3 telephone conversations with Phillips, and an employability assessment and labor market survey dated July 28, 2006. The labor market survey, completed by an independent vocational consultant, indicated that there were other existing jobs in the labor

---

[1] At this time, Principal was the "Plan Manager" hired by Target to investigate and initially approve or deny claims, and Target was the "Plan Administrator.'" This later changed. On April 1, 2009, The Hartford Life and Accident Insurance Company ("The Hartford") purchased Target's LTD trust at which point it became the Plan Administrator. Principal also raises a challenge based on the assertion that Principal is not an ERISA plan fiduciary subject to ERISA liability. In light of the Court's ruling on the exhaustion issue, it is not necessary to address that contention.

market that Phillips could perform. The survey identified open positions for security guard, telemarketer and alarm monitor in the Little Rock area. Phillips was found qualified to perform all such jobs. (AR 0064-66).

The first level appeal denial letter specifically advised Phillips of his right to appeal the denial to Target and advised him of the need to do so within 180 days of receipt of the denial letter. (AR 0067).

Philips made no attempt to appeal the decision until October 5, 2009, when his attorney sent a letter stating that Phillips had heard nothing since he appealed Principal's initial denial of his claim. (AR 0034). On November 2, 2009, Plaintiff's attorney wrote a follow-up letter to Principal inquiring as to the current status of the claim and asking that Principal consider the fact that Phillips had been awarded social security disability. (AR 0054).

On May 11, 2010, The Hartford notified Phillips that "[b]ecause a [second-level appeal] request was not submitted within the contractual timeframe, the decision communicated on August 4, 2006 is final and Mr. Phillips has exhausted his appeal rights under the Plan." (AR 0024). Because Phillips failed to lodge a second level appeal, the Plan Administrator never reviewed the denial of benefits.

## II.

Before considering Phillips' claim on the merits, the Court must determine whether it is barred by his failure to exhaust his administrative remedies.

Phillips contends that the did not receive a copy of the August 4, 2006, decision until May 11, 2010, when his counsel advised him of the unfavorable decision. (Complaint at ¶ 7). Plaintiff offers nothing more than this bare contention to excuse his failure to exhaust.

The allegation is discredited by the administrative record. Principal's internal claim notes indicate that Phillips called on August 14, 2006, shortly after the denial letter was mailed

to him on August 4, 2006.  (AR 0615-16).  The notes indicate that Phillips was "calling about his denial" which he did "not agree with."  The notes further indicate that Phillips was advised during the conversation that he "could ask for a reconsideration," in response to which Phillips indicated he had but that he might "ask again."  *Id*.

Although there is no express requirement in ERISA that employees exhaust their contractual remedies before filing suit for wrongful denial of benefits, the Eighth Circuit has "recognized a judicially created exhaustion requirement."  *Wert v. Liberty Life Assur. Co. of Boston, Inc*. 447 F.3d 1060, 1063 (8th Cir. 2006).  "[E]xhaustion of contractual remedies is required in the context of a denial of benefits action under ERISA when there is available to a claimant a contractual review procedure that is in compliance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f) and (g)."  *Id*.  Exhaustion is required "so long as the employee has notice of the procedure, even if the plan, insurance contract, and denial letters do not explicitly describe the review procedure as mandatory or as a prerequisite to suit."  *Id*.   Exhaustion may be excused upon a showing of futility.  *Id*. at 1065.  However, unsupported and speculative claims of futility will not excuse a claimant's failure to exhaust his administrative remedies.  *Chorosevic v. MetLife Choices*, 600 F.3d 934, 945 (8th Cir. 2010).  Phillips has not even alleged that exhaustion would be futile.

Target's Plan appears to comply fully with all statutory and regulatory requirements for reasonable claim procedures.  See 29 U.S.C. § 1133 (requiring adequate notice in writing of claim denials and "a reasonable opportunity" for a "full and fair review by the appropriate named fiduciary of the decision denying the claim."); and 29 C.F.R. § 2560.503-1(f) (requiring plans to "establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the

plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.").

Plaintiff does not argue otherwise.

Phillips was required to exhaust his administrative remedies before seeking a district court review of the denial of benefits. He failed to take any action to appeal, within 180 days, the denial to the Plan Administrator under the procedures outlined in Principal's August 4, 2006, denial letter. His attorney's letter of inquiry, made over 3 years after the denial of benefits, was too late.

The Court concludes that Plaintiff failed to exhaust his administrative remedies and that such failure is fatal to his ability to obtain a judicial review of the adverse benefit decision. His claim must be dismissed.

## CONCLUSION

For the reasons herein stated,

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 14) be, and it is hereby, GRANTED. Judgment will be entered separately.

IT IF FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) be, and it is hereby, DENIED.

Dated this  15th  day of July, 2011.

                                            _/s/Garnett Thomas Eisele_____
                                            UNITED STATES DISTRICT JUDGE